IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-680-MOC-DSC

| | |
|---|---|
| GEMINI DRILLING AND FOUNDATION, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| J.E. DUNN CONSTRUCTION COMPANY and LS3P ASSOCIATES LTD., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on Defendant's "Motion for Judgment on the Pleadings of Defendant LS3P Associates, Ltd.," Doc. 14, as well as the parties' briefs and exhibits. Docs. 16, 21 and 23.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be denied, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case involves the construction of a parking deck on the campus of the University of North Carolina at Charlotte (the "project"). Defendant J.E. Dunn Construction ("Dunn Construction") was the general contractor for the project. Defendant LS3P Associates Ltd. ("LS3P") provided architectural design and construction phase services for the project pursuant

to written agreement with the State of North Carolina by and through the University of North Carolina at Charlotte ("UNCC").  These services included recommending acceptance or denial of changes to the project.

Dunn Construction solicited bids for a subcontractor to drill shafts and pour concrete piers for the parking deck.  Gemini was awarded the subcontract for the concrete piers.

Gemini alleges that it encountered subsurface conditions that differed from those anticipated in the project documents. Gemini further alleges that it incurred additional costs as a result of those conditions.  On August 29, 2011, Dunn Construction emailed a document titled "PCI [Proposed Change Item] 004" with documentation of Gemini's additional costs for the piers to LS3P for review.  LS3P denied PCI 004 in October 2011.  The exact date of denial is disputed and forms the basis for this Motion.

On October 13, 2014, pursuant to Rule 3(a)(1) and (2) of the North Carolina Rules of Civil Procedure, Gemini filed an Application and Order Extending Time to File Complaint in Mecklenburg County Superior Court.  On November 3, 2014, Gemini filed its Complaint in state court.  The action was subsequently removed to this Court on December 9, 2014.  Gemini asserts a claim against LS3P for "Negligence and Bad Faith" based upon LS3P's allegedly wrongful denial of PCI 004.

On January 15, 2015, LS3P filed its Motion for Judgment on the Pleadings.  LS3P argues that this cause of action is barred by the applicable statute of limitations.

LS3P's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well in resolving a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at

563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the Complaint's well-pleaded factual

allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

North Carolina law provides a three year statute of limitations for actions based upon the negligence of an architect. N.C. Gen. Stat. § 1-52(5). LS3P bases its Motion on the date of its denial of PCI 004. Gemini commenced this action on Monday, October 13, 2014.[1] Under the applicable three-year statute of limitations, Gemini's cause of action against LS3P could not have accrued prior to October 11, 2011. In the Complaint, Gemini alleges that LS3P denied PCI 004 on October 11, 2011. LS3P argues that its Answer establishes that Gemini's claim accrued on October 4, 2011.

On October 4, 2011, LS3P emailed a letter to Dunn Construction that concluded with the following language: "In accordance with Article 19, paragraph g of the General Conditions, LS3P finds the change proposal submitted by JE Dunn to be without merit and recommends UNC Charlotte deny same." Dunn Construction wrote Gemini on October 5, 2011 stating, "Please find attached letter from the Architect dated October 4, 2011 denying the change proposal submitted." Doc. 18, Ex. C. LS3P argues that the October 4, 2011 letter is the date of its refusal to certify PCI 004, and therefore Gemini's claim is barred by the statute of limitations.

Gemini argues that the October 4, 2011 letter was followed by further discussion among LS3P, Dunn Construction, and UNCC about Gemini's additional costs and whether they would be paid in whole or in part. Gemini focuses on the letter from LS3P to Dunn Construction dated October 11, 2011 which states: "Based on recent discussions with JE Dunn, the Owner and State Construction representative and in accordance with the General Conditions of the contract; this claim is denied in its entirety." Doc. 21-3 at 5. Gemini argues that had the decision to deny PCI

---

[1] October 11, 2014 was a Saturday. Rule 6 of the Federal Rules of Civil Procedure and the North Carolina Rules of Civil Procedure provides generally that where the last day of a statutory time period falls on a weekend, the deadline rolls to the following business day.

004 been final with the October 4, 2011 letter, the October 11, 2011 letter would have been unnecessary.

In RPR & Assocs. v. O'Brien/Atkins Assocs., the Court concluded that the contractor's "alleged injuries occurred when Defendant [architect] refused to issue Plaintiff [contractor] certificates of payment." 24 F.Supp.2d 515 at 524 (M.D.N.C. 1998). At this stage of the proceedings, the Court finds that the Complaint sets out sufficient factual allegations that the denial of PCI 004 took place on October 11, 2011.

"When the court considers a motion for judgment on the pleadings, it should 'construe the facts and reasonable inferences…in the light most favorable to the [nonmoving party].'" Kotane, Inc. v. Banish, No. 5:10-cv-90, 2011 WL 3804181, *2 (W.D.N.C. August 29, 2011) (quoting Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997)). The Court "must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." Kotane, 2011 WL 3804181, *2 (citations omitted). "[A movant] may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." Kotane, 2011 WL 3804181, *2 (quoting BET Plant Svcs., Inc. v. W.D. Robinson Electric Co., Inc., 941 F.Supp. 54, 55 (D.S.C. 1996)).

Taken in the light most favorable to Gemini, the non-moving party, the Court finds that Gemini has stated a plausible claim for negligence and bad faith against LS3P based upon the argument that the denial occurred on October 11, 2011. To find otherwise would require the Court to impermissibly draw inferences in LS3P's favor.

For those reasons, the undersigned respectfully recommends that Defendant's Motion for Judgment on the Pleadings be <u>denied</u> without prejudice to its right to reassert those arguments following the conclusion of discovery.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion for Judgment on the Pleadings of Defendant LS3P Associates, Ltd.," Doc. 14, be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO RECOMMENDED.**

Signed: March 9, 2015

David S. Cayer
United States Magistrate Judge