UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00680-MOC-DSC

| | | |
|---|---|---|
| **GEMINI DRILLING AND FOUNDATION, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LS3P ASSOCIATES, LTD.** | ) | |
| **J.E. DUNN CONSTRUCTION COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and plaintiff has filed a timely Response to such objections.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review

1

at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Here, the magistrate judge recommended that defendant LS3p Associates, Ltd.'s ("LS3P") Motion for Judgment on the pleadings be denied, finding that the filing of this action was timely. LS3P has objected to such recommendation by again asserting that the applicable statute of limitations runs from an earlier date than the date the magistrate judge determined was applicable. This objection is, however, simply a restatement of LS3P's argument made in support of its Motion for Judgment on the Pleadings. Thus, there is nothing new before this court on such Rule 72 review.

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court must accept all of the **nonmovant's** factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999)

(internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts).

Here, there is a dispute as to the date from which the applicable statute of limitations should run. Plaintiff has alleged that its cause of action did not accrue until October 11, 2011, when the change order was denied. The magistrate judge found that such contention was supported by sufficient factual allegations in the Complaint and that there is support for plaintiff's legal theory that the action did not accrue until such date. See RPR & Assocs. V. O'Brien/Atkins Assocs., 24 F.Supp.2d 515, 524 (M.D.N.C. 1998). After independent review of the pleadings, the court concurs and determines that defendant LS3P is not entitled to judgment as a matter of law on these pleadings as plaintiff has pleaded claims that are not patently time barred.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant LS3P's Objections (#28) are **OVERRULED**, the Memorandum and Recommendation (#27) is **AFFIRMED,** and defendant LS3P's Motion for Judgment on the Pleadings (#14) is **DENIED**.

Signed: April 27, 2015

Max O. Cogburn Jr
United States District Judge